UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

DEBRA SLADE,

       Plaintiff,

 v.          DECISION AND ORDER
              11-CV–396

ALFRED UNIVERSITY,
       Defendant.

———————————————————————

   The instant employment discrimination case involving allegations of interference and retaliation in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Family and Medical Leave Act of 1993 ("FMLA") was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §636(b)(1). Defendant moved for an order, pursuant to Federal Rule of Civil Procedure 56, granting summary judgment in favor of defendant. (Dkt. No. 22)

   On August 9, 2013, Magistrate Judge McCarthy issued a Report and Recommendation recommending that defendant's motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate found that: (1) plaintiff's ERISA claim should be dismissed in its entirety since defendant's tuition remission plan is not subject to ERISA; (2) to the extent that plaintiff's FMLA retaliation claim is based upon her absences from 2008, that portion of plaintiff's retaliation claim should be dismissed; (3) defendant's motion for summary

judgment with respect to plaintiff's FMLA interference claim should be denied; and (4) to the extent that plaintiff's FMLA retaliation claim is based upon her absences from 2009, defendant's motion for summary judgment should be denied.[1]  (Dkt. No. 32)

Both plaintiff and defendant filed objections to the Report and Recommendation.  (Dkt. Nos. 33 and 34)  Plaintiff and defendant each filed responses to the other's objections, and the Court considered the matter submitted.  (Dkt. Nos. 35 and 38)  As explained in greater detail below, the Court accepts the Magistrate Judge's findings in their entirety and adopts the conclusions set forth in the Report and Recommendation.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  See 28 U.S.C. §636(b)(1).  Here, plaintiff does not object to the Magistrate's recommendation to dismiss her claim pursuant to ERISA.  "To accept the report and recommendation of a magistrate judge, to which no objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997).  The Court finds that the Magistrate's

---

[1] In the Report and Recommendation, the Magistrate Judge states that in response to defendant's motion for summary judgment, plaintiff withdrew her claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  Thus, the Magistrate recommends granting the portion of defendant's motion seeking dismissal of plaintiff's Title VII and ADA claims. The Magistrate's recommendation is adopted by this Court and both of those causes of action are dismissed.

conclusion that Alfred's tuition remission plan is not subject to ERISA is neither clearly erroneous nor contrary to law.  Therefore, for the reasons set forth in the Report and Recommendation, plaintiff's claim of interference with ERISA is dismissed in its entirety.

Defendant objects to the Magistrate's refusal to grant summary judgment with respect to plaintiff's FMLA retaliation and interference claims.  Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review, and after reviewing the submissions from the parties, the Court adopts Magistrate Judge McCarthy's recommendation to deny summary judgment with respect to plaintiff's FMLA interference and retaliation claims.

Defendant argues that a recent Supreme Court case dictates that the "but for" standard of causation must be applied to plaintiff's claims, and pursuant to that analysis, her FMLA allegations fail as a matter of law.  *See Univ. Of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. __, 133 S.Ct. 2517 (June 24, 2013).  Specifically, defendant contends the record demonstrates that plaintiff was ultimately fired because she left work early and without permission on October 26, 2009 to attend a veterinary appointment.  Therefore, her allegedly FMLA-eligible absences on October 2, 7 and 8 of 2009 were not the "but for" cause of her termination.  Plaintiff responds that the "but for" standard of causation does

not apply to FMLA retaliation claims.

Defendant's objections are without merit. Even when this Court analyzes plaintiff's claims using the "but for" standard suggested by defendant, it finds that there remains a triable issue of fact as to whether plaintiff was terminated in retaliation for taking FMLA qualifying leave. Pursuant to the "but for" standard, once a *prima facie* case of retaliation is established, "then a presumption of retaliation arises and the employer must articulate a legitimate, non-retaliatory reason for the action that plaintiff alleges is retaliatory." *Fincher v. Depository Trust & Clearing Corp*., 604 F. 3d 712, 720 (2d. Cir. 2010). If the employer demonstrates a legitimate, non-discriminatory reason for the action, then the burden shifts back to the employee to show that her employer's articulated reason is merely pretext, and that but for her protected activity, the employer would not have subjected her to an adverse employment action. *See Univ. Of Texas Southwestern Med. Ctr.,* 570 U.S. at __.

Defendant argues that the legitimate, non-discriminatory reason for plaintiff's termination was her decision to leave early and without permission on October 26, 2009 for a veterinary appointment, after she had been warned about such conduct in the past. However, there is a factual dispute in the record as to what occurred on October 26, 2009. Plaintiff alleges that she informed her supervisor earlier in the day that she would need to leave early for the appointment. Her supervisor alleges that no such conversation took place.

4

Defendant contends that this discrepancy does not create a genuine issue of material fact, since an employer needs only to have an honest belief in the correctness of its legitimate non-discriminatory reason for its decision. *Bennett v. Verizon Wireless*, 2008 U.S. Dist. LEXIS 5373 at *13-14 (WDNY 2008). The Court disagrees. If a jury were to believe plaintiff's version of events–that she had permission to leave early–then defendant would not have held an honest belief that plaintiff was terminated for her conduct on October 26, 2009. Combined with the undisputed fact that the letter in support of plaintiff's termination cited three absences which arguably qualified under the FMLA, a reasonable trier of fact could conclude that the purported reason for termination was merely a pretext for retaliation. Thus, this Court finds that there is a genuine issue of fact as to whether but for plaintiff's decision to take allegedly FMLA qualifying leave, she would have been terminated from her employment.

The Court has considered the remaining objections from both plaintiff and defendant and considers those to be without merit as well. With respect to plaintiff's contention that her 2008 FMLA leave may serve as an additional basis for her FMLA retaliation claim, a litigant cannot defeat summary judgment by raising a new theory, based upon facts not alleged in the complaint, in response to a summary judgment motion. *Alliance Industries Inc., v. Longyear Holdings*, Inc., 254 F. Supp.2d 321, 327 (WDNY 2012). As to defendant's argument that no causal connection was established to support the retaliation claim, the Magistrate

5

correctly found that there is a triable issue of fact as to whether defendant should have known that at least of plaintiff's absences were FMLA eligible, and it was undisputed that these absences were cited as support for her termination. This scenario establishes a sufficient causal connection to maintain a *prima facie* case.

Therefore, for the foregoing reasons, and for the reasons stated in Magistrate Judge McCarthy's Report and Recommendation, defendant's motion for summary judgment is granted to the extent it seeks dismissal of plaintiff's first, second, and fourth causes of action, but is otherwise denied.

The parties shall appear before the Court for a status conference on December 19, 2013 at 9:00 a.m. Prior to the status conference, plaintiff shall file an amended complaint consistent with this Decision and Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 19, 2013