UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEBRA SLADE,

                Plaintiff,

    v.                                               **ORDER**
                                                       11-CV–396-A

ALFRED UNIVERSITY,

                Defendant.

_____

      Defendant Alfred University has moved pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) to dismiss or to strike certain allegations of the First Amended Complaint of plaintiff Debra Slade alleging defendant Alfred unlawfully retaliated against plaintiff Slade for taking employment leave under the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601–2654 ("FMLA").  Defendant argues primarily that plaintiff's First Amended Complaint should be dismissed for attempting to allege instances of FMLA retaliation when a prior ruling of the Court specifically held plaintiff has no actionable FMLA retaliation before May 9, 2009.

      Defendant Alfred's motion to dismiss or to strike confuses pleading standards with evidence standards.  Whether events and circumstances that are referred to in plaintiff Slade's First Amended Complaint that allegedly occurred prior to May 9, 2009 are admissible at trial on plaintiff's claim of FMLA retaliation beginning on or about May 9, 2009 will be determined by reference to the Federal Rules of Evidence.  *See e.g.*, Fed. R. Evid. 401-404.  Evidence of events and

circumstances before May 9, 2009 may or may not be admissible in evidence, even though earlier conduct is not actionable as FMLA retaliation. *See e.g.*, *Coleman v. B.G. Sulzle, Inc.*, 402 F.Supp. 2d 403, 413-14 (N.D.N.Y. 2005) (*citing* Fed. R. Evid. 404(b) *and quoting Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002) (*superseded in part by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub.L. No. 111–2, 123 Stat. 5)). The cognizable scope or theory of plaintiff's FMLA retaliation cause of action is not expanded by allegations of the First Amended Complaint merely because earlier events and circumstances are alleged in the pleading. For these reasons, the Court finds further briefing or oral argument of the motion of defendant pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) to dismiss or to strike allegations from the First Amended Complaint (Dkt. No. 43) is unnecessary, and the motion to dismiss or strike is denied.

The answer of defendant Alfred to the First Amended Complaint shall be due on or before May 30, 2014. Further motion practice, if any, shall be before the presiding District Court Judge.

On or before June 16, 2014, the parties shall file proposed jury charges and verdict sheets. Each charge is to be on a separate sheet of paper, in standard form, and shall contain citations to the authority for the charge. The proposed charges shall be taken from L. Sand, et al., *Modern Federal Jury Instructions,* when applicable. The parties may submit alternative charges, as long as each is supported by legal authority. The charges are to be presented in

a logical sequence, and their submissions should include a Table of Contents. The Court will use these charges to help formulate its own charge.

Counsel for the parties who will try the case shall appear for a status conference June 20, 2014 at 9:00 a.m. Counsel shall be prepared to discuss the proposed jury charges and verdict sheets, and the conduct of the trial.

**SO ORDERED.**

\_\_\_*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  May 15, 2014